IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00218-ZLW

JOHN J. McCARTHY,

Applicant,

v.

WARDEN,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 0 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant has filed *pro se* on May 18, 2010, "Applicant's Motion Pursuant to Rule 60(b) for Relief From Judgment" asking the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on March 16, 2010. The Court must construe the motion liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Because a motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered, *see* Fed. R. Civ. P. 59(e), Applicant's motion to reconsider filed two months after the Judgment was entered in this action

properly is asserted pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Applicant failed to cure a deficiency. Applicant initiated this action by filing a Petition for a Writ of Habeas Corpus by a Federal Prisoner that was deficient because the petition was not filed on the proper form as required by the Court's local rules and Applicant failed either to pay the filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. In an order filed on February 2, 2010, Applicant was directed to cure these deficiencies if he wished to pursue his claims and was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days. On February 12, 2010, Applicant filed on the proper forms an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. However, the 28 U.S.C. § 1915 motion remained deficient because it was not supported by a certificate from an appropriate prison official regarding the balance in Applicant's prison account.

Applicant alleges in his motion to reconsider that he sent the $5.00 filing fee to the Court by way of prison staff and he argues that, if prison staff failed to forward the

payment to the Court, he should be granted a reasonable extension of time to pay the filing fee. He also alleges that he did not receive notice that the filing fee had not been paid until he received the Court's March 16, 2010, Judgment. Applicant does not indicate in the motion to reconsider when he attempted to pay the filing fee and he fails to provide any documentation in support of his allegation that he attempted to pay the filing fee. Applicant also fails to specify exactly what steps he took in his attempt to pay the filing fee.

Upon consideration of the motion to reconsider and the entire file, the Court finds that the motion must be denied. Applicant's self-serving and unsupported allegation that he attempted to pay the filing fee by way of prison staff does not demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Applicant is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Applicant wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that "Applicant's Motion Pursuant to Rule 60(b) for Relief From Judgment" filed on May 18, 2010, is denied.

DATED at Denver, Colorado, this __20th__ day of __May__, 2010.

BY THE COURT:

*[signature: Christine M. Arguello]*

---
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00218-ZLW

John J. McCarthy
Reg. No. 38051-066
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/20/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk